IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel R. Leach,

            Plaintiff,            Case No. 3:13 CV 2037

   -vs-

                                   MEMORANDUM OPINION
                                   AND ORDER

Commissioner of Social Security,

            Defendant.

      Daniel R. Leach applied for supplemental security income ("SSI") benefits with the Social Security Administration ("SSA"). After exhausting his available administrative remedies, the Commissioner of Social Security denied Leach's application for benefits.

      Leach then sought judicial review of the Commissioner's decision. The case was referred to Magistrate Judge Greg White for findings of facts, conclusions of law, and recommendations. The Magistrate Judge issued a report and recommendation ("R&R") recommending I affirm the Commissioner's decision denying Leach's application for benefits. This matter is before me pursuant to Leach's timely objections to the Magistrate Judge's R&R. For the reasons that follow, the objections are rejected, the recommendation is accepted, and the Commissioner's decision is affirmed.

## I. BACKGROUND

The Magistrate Judge accurately set forth the procedural background of this case, and I adopt that section of the R&R in full. (Doc. No. 25 at 1-2). In sum, Leach filed an application for SSI on November 18, 2009. He alleged his ability to work was precluded by depression, traumatic brain injury, bipolar disorder, cognitive problems, deep vein thrombosis ("DVT"), lung cancer, and seizures. Leach alleged these conditions began to prevent him from working on October 1, 1998.

The SSA denied Leach's initial application on May 24, 2010, and denied his request for reconsideration on September 13, 2010. On March 9, 2012, Administrative Law Judge ("ALJ") Hortensia Haaversen, on behalf of the SSA and following a hearing which Leach and his counsel attended, concluded Leach was not disabled. Leach's request for review before the Social Security Appeals Council was denied on July 12, 2013. He now seeks review of the denial of his request for benefits.

## II. STANDARD OF REVIEW

I have jurisdiction over the Commissioner's final decision denying Leach's request for benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832 (6th Cir. 2006). I make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

### III.  DISCUSSION

When filing objections to a magistrate judge's report, the Sixth Circuit has held general objections are insufficient.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).  In many respects, Leach's objections do not satisfy this standard.  Leach fails to label or provide a summary of his objections.  Instead, he weaves together tangled arguments opposing both the ALJ's and the Magistrate Judge's findings with references to page numbers from the Magistrate Judge's R&R.  Many of his arguments are cryptic and confusing, requiring me to construe the meaning of his objections.  In addition, he generally restates many of the arguments he presented in his brief on the merits.

To the extent they can be considered objections, I have been able to discern the following arguments: (1) the Magistrate Judge's recitation of certain respiratory reports was incorrect; (2) the ALJ erred in his treatment of Nurse Practitioner David Bingam's opinion; (3) the ALJ erred by failing to account for GAF scores;  and (4) the ALJ erred in finding Leach had a high school education.

Concerning his first objection, Leach claims the Magistrate Judge's description of certain medical evidence concerning his respiratory functioning was incomplete or misconstrued; and therefore, the "decision was not based on substantial evidence in that hypothetical adopted and proffered to VE should have had some reasonable respiratory restrictions."  (Doc. No. 26 at 2).

It appears Leach raises this objection to afford his severity argument one last bite at the apple.  However, his scrutiny of the Magistrate Judge's recitation of certain medical evidence to do so is unpersuasive.  To be clear, Leach takes issue with the Magistrate Judge's referral to "two separate [respiratory] studies," while Leach complains it was actually one report.  (Doc. No. 26 at 2).

Notably, Leach fails to argue how this error had any effect on the Magistrate Judge's ultimate non-severity finding at step two of the sequential steps for evaluating social security benefits. Leach also suggests that the Magistrate Judge "ostensibly omitted PFS [pulmonary function study] done by Robert Wainz, M.D." (Doc. No. 26 at 1-2). To the contrary, the Magistrate Judge noted Leach omitted the pulmonary function study by Dr. Wainz – a study which showed normal lung capacity and mildly obstructive ventilatory defect. Accordingly, Leach's first objection is without merit.

With respect to his remaining objections, Leach goes on an incongruous, seven-page diatribe disagreeing with the Magistrate Judge's conclusions regarding Leach's education level, GAF scores, and Nurse Practitioner Bingham's check-the-box opinion. Again, Leach fails to label or summarize these arguments, and generally presents the exact same arguments from his brief on the merits. As explained above, review of duplicative arguments is contrary to the purposes of the Magistrate's Act. *Howard*, 932 F.2d at 509. In any event, as I will briefly explain, the Magistrate Judge's findings were well-supported and without error.

**Nurse Practitioner and GAF Scores**

Leach indistinctly bounces back and forth between his second and third arguments regarding GAF scores and Nurse Practitioner David Bingham's opinion. First, Leach claims that "GAF scores and their equivalencies/definitions are part and parcel of an overall consideration of the combination of severe and nonsevere impairments which is encompassed in GAF scores." (Doc. No. 26 at 3). In his initial brief, Leach argued the ALJ erred by failing to mention GAF scores. As support, Leach cited *Edwards ex. rel. R.M. v. Comm'r of Soc. Sec.*, 2012 WL 1096154 at *7 (N.D. Ohio Mar. 2, 2012), wherein the court remanded because the "ALJ's decision fail[ed] to offer any meaningful discussion of Dr. Rehman's treatment notes, including her GAF findings." However, the Magistrate Judge correctly distinguished *Edwards* from the case at bar by noting that all of Leach's GAF scores predated the relevant time period; three pertinent GAF scores indicated no

4

more than moderate symptoms; and the majority of the scores were not assessed by acceptable medical sources or assigned prior to Leach maintaining sobriety. (*See* Doc. No. 25 at 12). The Magistrate Judge further explained that failure to mention GAF scores was not *per se* error.

Indeed, the Commissioner "has declined to endorse the [GAF] score for use in the Social Security and [SSI] disability programs, and has indicated that [GAF] scores have no direct correlation to the severity requirements of the mental disorder listings." *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006) (*citing Wind v. Bart*, 133 Fed. App'x 684, n.5 (11th Cir. 2005)); *see also Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006) ("[W]e are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place."); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 469 (6th Cir. 2003) (ALJ's failure to refer to GAF score did not make his RFC analysis unreliable); 65 Fed. Reg. 50746, 50764-65 (2000) ("The GAF scale . . . [is] used in the multiaxial evaluation system endorsed by the American Psychiatric Association. It does not have a direct correlation to the severity requirements in our mental disorders listing."). Moreover, as the Magistrate Judge explained, an update of the Diagnostic and Statistical Manual of Mental Disorders, which post-dates the *Edwards* decision, eliminated the GAF scale because of "its conceptual lack of clarity . . . and questionable psychometrics in routine practice." *See Diagnostic and Statistical Manual of Mental Disorders* at 16 (American Psychiatric Association, 5th ed., 2013). Accordingly, this objection is rejected.

Next, Leach argues the ALJ failed to afford proper weight to the opinion of David Bingham, a psychiatric mental health clinical nurse specialist. While he acknowledges that Bingham's opinion cannot be given controlling weight as an "other source" under the regulations, he argues the ALJ erred by not considering the opinion according to the requirements of Social Security Ruling 06-3p. SSR 06–03p, 2006 WL 2329939 (August 9, 2006). To the contrary, the Magistrate Judge defined the requirements of SSR 06-3p and explained the ALJ's compliance with same. The Magistrate Judge

5

also correctly noted that while a more in-depth explanation would have been beneficial, the regulations do not require the same heightened "good reasons" analysis that applies to the opinions of acceptable medical sources. (*See* Doc. No. 25 at 10). This comports with the pertinent language of SSR 06–3p, which states that an explanation of the weight assigned to opinions from "other sources" *"generally should"* be given. SSR 06–03p, 2006 WL 2329939, at *6 (emphasis added); *see also Southward v. Comm'r of Soc. Sec.*, No. 11-14208, 2012 WL 3887212, at *4 (E.D. Mich. Sept. 7, 2012).

Leach also briefly argues that the Magistrate Judge failed to acknowledge Bingham's mental questionnaire, which ostensibly supports his marked limitation opinion. However, this bears no consequence. On review, I am tasked with determining whether the Commissioner's decision is supported by substantial evidence; not whether substantial evidence exists in the record to support a different conclusion. *Kyle*, 609 F.3d at 854-55. I find the Magistrate Judge correctly explained that the ALJ's decision to afford little weight to Bingham was supported by substantial evidence.

**Education Finding**

Finally, Leach argues the ALJ erred by finding he had a high school level education. The Magistrate Judge correctly noted the ALJ was faced with deciding the better measure of Leach's education level: IQ tests performed fourteen years prior to the ALJ's decision or his actual education level coupled with the achievement of a GED. Given that the evidence was not overwhelming in favor of one finding over the other, the Magistrate Judge correctly concluded that the ALJ's reliance on the latter was not reversible error. Based on this statement, Leach now claims the ALJ erred by failing "to have further testing of [Leach's] reading and educational abilities [ ]." (Doc. No. 26 at 10). However, because Leach failed to raise this argument before the Magistrate Judge, I will not consider it. *See Williams v. Comm'r of Soc. Sec.*, No. 11-15219, 2014 WL 1118431, at *3 (E.D. Mich. March 20, 2014) (issues raised for the first time in objections to a magistrate judge's recommendation are deemed waived).

## IV. CONCLUSION

Having carefully reviewed the record, I find the Magistrate Judge's R&R to be well-reasoned and without error.  Accordingly, I adopt the R&R in its entirety.  For the reasons stated above, the Commissioner's decision denying benefits is affirmed.

So Ordered.

_s/ Jeffrey J. Helmick_
United States District Judge
